UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON A. LUDTKE,

    Plaintiff,

    v.

EDWARD BORG,

    Defendant.

Case No. 16-cv-05386-WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff Aaron A. Ludtke filed this civil rights action against the Lake County assistant district attorney, Edward Borg, who successfully prosecuted him. The United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) barred claims brought under 42 U.S.C. § 1983 that, if successful, would appear to invalidate a conviction or sentence that has not already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Ludtke's case appears to do what *Heck v Humphrey* precludes. Accordingly, his suit is DISMISSED without prejudice.

# DISCUSSION

## A. Standard of Review

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Legal Claims

Ludtke, a state prisoner proceeding pro se, has filed this section 1983 suit against Lake County prosecutor Borg for successfully prosecuting him for willfully failing to update his registration as a sex offender.[1] In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff

---

[1] *People v. Ludtke*, No. A144485, 2016 WL 2658141 (Cal. Ct. App. May 6, 2016).

must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at 487.

Where, as in this case, a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* at 487. Here, a judgment that defendant, while acting as prosecutor, violated Ludtke's constitutional rights would necessarily imply the invalidity of his conviction or sentence.

Because it is not clear from the complaint that Ludtke's convictions have been invalidated, this section 1983 suit is barred by *Heck*. Accordingly, the action is DISMISSED without prejudice to Ludtke refiling such claims when he can make such a showing.

If Ludtke wishes to challenge the constitutional validity of his state conviction(s), he should exhaust his state judicial remedies before filing for federal relief.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice. The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 12, 2016

WILLIAM H. ORRICK
United States District Judge

3